1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   PARADISE NORTHWEST INC.,
                                      No. 2:09-cv-02027-MCE-DAD
12           Plaintiff,

13       v.                          MEMORANDUM AND ORDER

14   SATVINDER PALSINGH RANDHAWA,
     LORNA MARIE RANDHAWA dba GREAT
15   EASTERN EXPORT & TRADING
     COMPANY,
16
             Defendants.
17

18                         ----oo0oo----

19       Presently before the Court is a Motion by Defendants

20   Satvinder Palsingh Randhawa and Lorna Marie Randhawa dba Great

21   Eastern Export & Trading Company requesting that this Court issue

22   an order dismissing Plaintiff Paradise Northwest's First Cause of

23   Action alleging violation of the RICO Act and Plaintiff's Second

24   Cause of Action alleging fraud.  In the alternative, Defendants

25   move for a more definite statement of Plaintiff's First and

26   Second Causes of Action.  Additionally, Defendants move to strike

27   Plaintiff's allegation of diversity jurisdiction.

28   ///

                                  1

1    For the reasons set forth below, Defendants' motions are
2    denied.

3

4                              BACKGROUND[1]

5

6    This dispute arises out of a project to re-oxygenate a lake
7    in India.  Defendants Satvinder Randhawa and Lorna Marie Randhawa
8    ("Defendants"), are a husband and wife doing business as Great
9    Eastern Export and Trading Company.  Defendants are alleged to
10   have entered into an oral contract with Plaintiff Paradise
11   Northwest, Inc. ("Plaintiff") under the terms of which Plaintiff
12   agreed to perform hydrology-related engineering services.
13   Plaintiff claims it was led to believe that the Indian government
14   would be paying for its services, and Defendants would arrange to
15   have payment transferred from the Indian government to Plaintiff.
16   However, Plaintiff contends that since submitting to Defendants a
17   final invoice of $85,296.74, it still has not been paid in full.

18   Plaintiff argues that it was never the intent of the
19   Defendants to turn over the full payment from the Indian
20   government, but that Defendants instead planned to keep the money
21   for themselves.  Plaintiff further claims that Defendants have,
22   in a similar fashion, victimized others including Air Diffusion
23   System, an equipment manufacturer and travel/logistics company
24   that was allegedly never paid for its services, and Harpinder
25   Singh Randhawa, a relative of Defendants that allegedly was never
26   paid for his labor.

27   _____

28       [1] The factual assertions in this section are based on the
     allegations in Plaintiff's Complaint unless otherwise specified.

                                    2

1    Consequently, Plaintiff has filed suit against Defendants
2  alleging violations of the Racketeer Influenced and Corrupt
3  Organizations Act ("RICO"), fraud, and breach of contract.
4  Defendants now move to dismiss the First and Second Cause of
5  Action or, in the alternative, move for a more definite
6  statement.  Defendants also move to strike Plaintiff's allegation
7  of diversity jurisdiction.

8

9                              **STANDARD**

10   **A.   Motion to Dismiss**

11

12    On a motion to dismiss for failure to state a claim under
13  Rule 12(b)(6), all allegations of material fact must be accepted
14  as true and construed in the light most favorable to the
15  nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,
16  337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and
17  plain statement of the claim showing that the pleader is entitled
18  to relief" in order to "give the defendant fair notice of what
19  the...claim is and the grounds upon which it rests." <u>Bell Atl.</u>
20  <u>Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v.</u>
21  <u>Gibson</u>, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a
22  Rule 12(b)(6) motion to dismiss does not need detailed factual
23  allegations, a plaintiff's obligation to provide the "grounds" of
24  his "entitlement to relief" requires more than labels and
25  conclusions, and a formulaic recitation of the elements of a
26  cause of action will not do.  <u>Id</u>. at 1964-65 (internal citations
27  and quotations omitted).  Factual allegations must be enough to
28  raise a right to relief above the speculative level.

                                    3

1  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and

2  Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must

3  contain something more...than...a statement of facts that merely

4  creates a suspicion [of] a legally cognizable right of action")).

5      "Rule 8(a)(2)...requires a 'showing,' rather than a blanket

6  assertion of entitlement to relief.  Without some factual

7  allegation in the complaint, it is hard to see how a claimant

8  could satisfy the requirements of providing not only 'fair

9  notice' of the nature of the claim, but also 'grounds' on which

10 the claim rests."  Twombly, 550 U.S. 556 n.3.  A pleading must

11 contain "only enough facts to state a claim to relief that is

12 plausible on its face."  Id. at 570.  If the "plaintiffs...have

13 not nudged their claims across the line from conceivable to

14 plausible, their complaint must be dismissed."  Id.

15 Nevertheless, "[a] well-pleaded complaint may proceed even if it

16 strikes a savvy judge that actual proof of those facts is

17 improbable, and 'that a recovery is very remote and unlikely.'"

18 Id. at 556.

19     Claims sounding in fraud require a heightened pleading

20 standard.  Federal Rule of Civil Procedure 9(b) provides that "a

21 party must state with particularity the circumstances constituting

22 fraud."  "A pleading is sufficient under Rule 9(b) if it

23 identifies the circumstances constituting fraud so that the

24 defendant can prepare an adequate answer from the allegations."

25 Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal

26 quotations and citations omitted).  "The complaint must specify

27 such facts as the times, dates, places, benefits received, and

28 other details of the alleged fraudulent activity."  Id. at 672.

4

1   A court granting a motion to dismiss a complaint must then
2   decide whether to grant leave to amend.  A court should "freely
3   give" leave to amend when there is no "undue delay, bad faith[,]
4   dilatory motive on the part of the movant,...undue prejudice to
5   the opposing party by virtue of...the amendment, [or] futility of
6   the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371
7   U.S. 178, 182 (1962).  Generally, leave to amend is denied only
8   when it is clear the deficiencies of the complaint cannot be
9   cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957
10  F.2d 655, 658 (9th Cir. 1992).

11

12  **B.    Motion for More Definite Statement**

13

14  Before interposing a responsive pleading, a defendant may
15  move for a more definitive statement "[i]f a pleading...is so
16  vague or ambiguous that a party cannot reasonably be required to
17  frame a responsive pleading...."  Fed. R. Civ. P. 12(e).  A Rule
18  12(e) motion is proper when the plaintiff's complaint is so
19  indefinite that the defendant cannot ascertain the nature of the
20  claim being asserted.  Gay-Straight Alliance Network v. Visalia
21  Unified Sch. Dist., 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).
22  Due to the liberal pleading standards in the federal courts
23  embodied in Rule 8(e) and the availability of extensive
24  discovery, courts should not freely grant motions for more
25  definitive statements.  Famolare, Inc. v. Edison Bros. Stores,
26  Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981).
27  ///
28  ///

Indeed, a motion for a more definitive statement should be denied unless the information sought by the moving party is not available or is not ascertainable through discovery.  Id.

### C.   Motion to Strike

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "(T)he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (rev'd on other grounds Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)) (internal citations and quotations omitted).  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.  Id.
///
///
///
///
///
///
///
///

6

**ANALYSIS**

**A.    Racketeer Influenced Corrupt Organizations Act ("RICO")**

The Racketeer Influenced Corrupt Organizations Act ("RICO") makes it unlawful for any person to conduct an enterprise through a pattern of racketeering activity, to acquire control of an enterprise through a pattern of racketeering activity, or to use money derived from a pattern of racketeering activity to invest in an enterprise, in a manner which affects interstate or foreign commerce.  18. U.S.C. § 1962 (2009).  It allows for civil remedy, authorizing private actions by "any person injured in his business or property by reason of a violation of [RICO] section 1962." 18 U.S.C. § 1964(c)(2009).  To state a claim under section 1962 of RICO, a plaintiff must allege "1) conduct, 2) of an enterprise, 3) through a pattern 4) of racketeering activity." Walter v. Drayson, 538 F. 3d 1244, 1247 (9th Cir. 2008); see also Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985)).

While the outer boundaries are not specifically defined, an "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4); Boyle v. U.S., 129 S. Ct. 2237, 2243 (2009) ("This enumeration of included enterprises is obviously broad....The term 'any' ensures that the definition has a wide reach (internal citations omitted).
///

7

In creating RICO, Congress expressly admonished that its terms were to be "liberally construed to effectuate its remedial purposes." See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 497-98 (1985) (citing Pub. L. No. 91-452, § 904(a), 84 Stat. 947 (1970)).

In order to establish the existence of an enterprise, a plaintiff must prove: (1) there is an ongoing organization with some sort of framework, formal or informal, for carrying out its objectives; and (2) the various members and associates of the association function as a continuing unit to achieve a common purpose. Boyle, 129 S. Ct. at 2242; Odom, 486 F.3d at 552. An association-in-fact enterprise must have at least three structural features: (1) a purpose, (2) relationships among those associated with the enterprise, and (3) longevity sufficient to permit these associates to pursue the enterprise's purpose. Boyle, 129 S. Ct. at 2244; see also Odom, 486 F.3d at 552-53.

The existence of an enterprise is an element distinct from the pattern of racketeering activity and "proof of one does not necessarily establish the other." Boyle, 129 S. Ct. at 2245 (quoting United States v. Turkette, 452 U.S. 576, 583 (1981)). However, the evidence used to prove the pattern of racketeering activity and the evidence establishing an enterprise "may in particular cases coalesce." Id. Therefore, "proof of a pattern of racketeering activity may be sufficient in a particular case to permit a jury to infer the existence of an association-in-fact enterprise." Id. at 2247 (rejecting petitioner's proffered jury instruction that an enterprise must have "an ascertainable structure beyond that inherent in the pattern of racketeering activity in which it engages").

1    Plaintiff alleges that Defendants have engaged in a pattern
2    of financial misrepresentation such that it constitutes
3    racketeering activity punishable under RICO.  Plaintiff contends
4    that Defendants habitually and purposely fail to arrange for the
5    Indian government to pay for various services rendered, and that
6    this pattern of nonpayment has not only victimized them but other
7    parties over time.  Additionally, Plaintiff identifies the
8    Defendants' business, the Great Eastern Export and Trading
9    Company, as the separate enterprise engaging in this conduct, and
10   allege that Defendants have utilized interstate wire and mail
11   services to conduct their fraudulent activities.

12   Defendants counter that their business does not constitute
13   an enterprise, and that the behavior Plaintiff identifies does
14   not amount to a "pattern".  However, the determination of whether
15   a "pattern" or an "enterprise" exists is not the question
16   currently before the court.  Rather, at this early stage of the
17   proceedings, the inquiry is whether sufficient facts have been
18   alleged in the complaint to constitute a RICO claim "beyond the
19   speculative level."

20   Here, that standard has been met.  Plaintiff has identified
21   the non-payment of contracts to be the relevant conduct, the
22   Great Eastern Export and Trading Company to be alleged
23   enterprise, the lack of payment to itself and several others to
24   be the alleged pattern, and the interception of government funds
25   to be the alleged racketeering activity.  In considering a motion
26   to dismiss, the court must accept all allegations of material
27   fact as true.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
28   337-38 (9th Cir. 1996).

1  These factual allegations, if taken to be true, would satisfy
2  each necessary element of a RICO claim such that Plaintiff has
3  met its burden of providing a cognizable legal theory.  Moreover,
4  Congress has instructed that RICO be interpreted with "liberal
5  construction."  Sedima, 473 U.S. at 498.  Here, the facts plead by
6  Plaintiff, especially if liberally construed, could plausibly
7  evidence a pattern or enterprise within of the realm of RICO's
8  definitions.  In evaluating a pleading challenged by a Rule
9  12(b)(6) Motion to Dismiss, we do not require a heightened fact
10 pleading of specifics, but only enough facts to state a claim of
11 relief that is plausible on its face.  Bell Atl. Corp. v.
12 Twombly, 550 U.S. 544, 570.  Plaintiff has proffered enough facts
13 to support a plausible claim.  Later the parties may litigate its
14 merits.

15      Accordingly, Defendants' Motion to Dismiss Plaintiff's RICO
16 claim is denied.

17

18      **B.   Fraud**

19

20      Defendants also move to dismiss Plaintiff's Fraud claim.

21      In California the required elements of fraud are
22 "a) misrepresentation; b) knowledge of falsity; c) intent to
23 defraud, i.e., to induce reliance; d) justifiable reliance; and
24 e) resulting damage."  In re Estate of Young, 160 Cal. App. 4th
25 62, 79 (2008) (citation omitted).  When alleging fraud, a
26 plaintiff must meet a heightened pleading standard under which "a
27 party must state with particularity the circumstances
28 constituting fraud."  Fed. R. Civ. P. 9(b).

"A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."

Here, Plaintiff's Complaint sufficiently provides the circumstances under which Plaintiff believes it was defrauded. It outlines that in 2006 Mr. Satvinder Palsingh Randhawa, while in Orangevale, California, made a false promise to Plaintiff to pay it funds acquired by the Indian government.  Plaintiff alleges that Randhawa knew that his promise was false, that he intended to induce performance by Plaintiff based on this reliance, that Plaintiff did in fact rely, and now Plaintiff suffers damage due to nonpayment.  These details provide enough specificity to give Defendants sufficient notice of the accusations being levied against them in order to prepare an adequate answer.

Defendants argue that the allegations still lack specificity in that they do not say when exactly in 2006 the promise was made, or whether it was done by phone call, face-to-face conversation, etc.  However, while it is true that the "averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged," <u>Vess v. Ciba-Geigy Corp.</u>, 317 F.3d 1097, 1106 (9th Cir. 2003), the details that Defendants request are not necessary at the pleading stage.  The complaint simply need be "specific enough to give defendants notice of the particular misconduct." <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir. 2001).  That standard has been met.  Defendants' Motion to Dismiss Plaintiff's Fraud Claim is therefore denied.
///

1

## C.   Motion for a More Definite Statement

2

3      A grant of a Motion for a More Definite Statement is only
4  appropriate "[i]f a pleading...is so vague or ambiguous that a
5  party cannot reasonably be required to frame a responsive
6  pleading...." Fed. R. Civ. P. 12(e).  The complaint must be so
7  indefinite that the defendant cannot ascertain the nature of the
8  claim being asserted.  <u>See</u> <u>Gay-Straight Alliance Network v.</u>
9  <u>Visalia Unified Sch. Dist</u>., 262 F. Supp. 2d 1088, 1099 (E.D. Cal.
10 2001).
11     For the reasons stated above, that is not the case here.
12 Sufficient notice has been given to the parties for them to file
13 a responsive pleading.  Defendants' Motion for a More Definite
14 Statement is denied.

15

16     ## D.   Diversity Jurisdiction

17

18      Finally, Defendants move to strike allegations of diversity
19 jurisdiction from Plaintiff's complaint.[2]  Diversity jurisdiction
20 exists where there is diversity of citizenship among parties and
21 an amount in controversy exceeding $75,000.  28 U.S.C. § 1332
22 (2005); <u>Life Ins. Co. Of North America v. Ortiz</u>, 535 F.3d 990,
23 993 (9th Cir. 2008).

24

25      [2] The jurisdiction of the federal court is not affected by
26 Defendants' Motion to Strike. Plaintiff's complaint alleges
   violation of federal RICO law thus conferring federal question
27 jurisdiction upon the court pursuant to 28 U.S.C. § 1331 (1980).
   The court notes that Defendants are not challenging the Court's
28 jurisdiction, but are simply seeking to strike language from the
   Complaint.

12

1  When determining the amount in controversy, "the sum claimed by

2  the plaintiff controls if the claim is apparently made in good

3  faith." <u>Guglielmino v. McKee Foods Corp.</u>, 506 F.3d 696, 699 (9th

4  Cir. 2007) (citing <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>,

5  303 U.S. 283, 288-89 (1938)).  It must appear to a legal

6  certainty that the claim is really for less than the

7  jurisdictional amount to justify finding a defeat of diversity of

8  jurisdiction.  <u>Id</u>.

9       Defendants challenge Plaintiff's purported amount in

10 controversy arguing that, when looking at Plaintiff's Exhibits A,

11 D, E, F-1, and H,[3] the amount in dispute is instead $64,280,

12 falling short of the amount in controversy requirement for

13 diversity jurisdiction.  However, Defendants' calculation of the

14 amount in controversy is irrelevant.  The sum claimed by the

15 Plaintiff is determinative and there is no evidence that

16 Plaintiff's claims are without good faith.  The complaint

17 includes allegations of Fraud and RICO violations that, if found

18 to be warranted, may result in damages in excess of $75,000.

19 Therefore, the amount in controversy properly meets the statutory

20 requirements, and Defendants' Motion to Strike is denied.

21 ///

22 ///

23

24      [3] Exhibit A: September 1, 2007 Paradise Northwest Inc.
   Invoice to Great Eastern Export Trading Co. for $85,296.75;
25      Exhibit D: September 10, 2007 Paradise Northwest Inc.
   Invoice to Great Eastern Export & Trading Co. for $56,053.00;
26      Exhibit E: October 26, 2007 PNW Invoice for $64,280.00;
        Exhibit F-1: September 29, 2007 Paradise Northwest Inc.
27 Invoice to Great Eastern Export & Trading Co. for $64,280.00;
        Exhibit H: August 1, 2008 Paradise Northwest Inc. Invoice to
28 Great Eastern Export & Trading Co. for $73,497.09.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Fraud and RICO claims, Motion for a More Definite Statement, and Motion to Strike allegations of diversity jurisdiction[4] (Docket No. 13) are hereby DENIED.

IT IS SO ORDERED.

Dated: December 9, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

14