UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PARADISE NORTHWEST INC.,                No. 2:09-cv-02027-MCE-DAD

       Plaintiff,

  v.                                    MEMORANDUM AND ORDER

SATVINDER PALSINGH RANDHAWA,
LORNA MARIE RANDHAWA dba GREAT
EASTERN EXPORT & TRADING
COMPANY,

       Defendants.

----oo0oo----

Presently before the Court is a Motion by Plaintiff Paradise Northwest ("Plaintiff") requesting that this Court issue a writ of attachment on the property of Defendants Satvinder Palsingh Randhawa and Lorna Marie Randhawa ("Defendants") pursuant to Federal Rule of Civil Procedure 64.  For the reasons set forth below, Plaintiff's request is denied.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

This dispute arises out of a project to restore Nainital Lake in Uttarkhand, India.  Defendants Satvinder Randhawa and Lorna Marie Randhawa ("Defendants"), are a husband and wife doing business as Great Eastern Export and Trading Company.  Defendants are alleged to have entered into an oral contract with Plaintiff Paradise Northwest, Inc. ("Plaintiff") under the terms of which Plaintiff agreed to prepare reports and perform engineering services for Lake Nainital.  Plaintiff contends that since submitting to Defendants a final invoice of $85,296.74, it still has not been paid in full.

However, Defendants strongly contest that there was such an oral contract as Plaintiff describes.  According to Defendants, the agreement was that Plaintiff's President, Dennis Williams, would go to India, install an aeration system for the Lake, and show laborers how to place machinery in the lake in exchange for an all-expense paid trip for Williams and his son-in-law.  Defendants would also provide a $3000 stipend for their wives.  Defendants state that they did not agree to the contract Plaintiff describes and would not have agreed to the amount Plaintiff says they owe.

Plaintiff filed suit bringing claims for breach of contract, fraud, and violation of the Racketeer Influenced and Corrupt Organizations Act.  Alleging that it can establish probable validity of its breach of contract claim, Plaintiff seeks to attach Defendants' home, bank accounts, cars, and financial accounts.

**ANALYSIS**

California's attachment statutes are strictly construed. See Jordan-Lyon Productions, Ltd. v. Cineplex Odeon Corp., 29 Cal. App. 4th 1459, 1466 (1994); Hobbs v. Weiss, 73 Cal. App. 4th 76, 79-80 (1999). As a procedural matter, an application for writ of attachment must include a list of statements required by Cal. Code of Civ. Proc. § 484.020: (a) attachment is sought to secure recovery on a claim upon which attachment may be issued, (b) amount to be secured by attachment, (c) attachment is not sought for purpose other than recovery, (d) attachment is not encumbered by a Title 11 proceeding, and (e) description of property.

Substantively, a writ of attachment is guided by Cal. Code of Civ. Proc. § 484.090 which requires that Plaintiff show probable validity of its underlying claim and that the attachment is not sought for a purpose other than recovery. Probable validity is determined by the facts presented by the applicant. Cal. Code of Civ. Proc. § 484.030. The facts set forth in the affidavits must be set forth with particularity. Cal. Code of Civ. Proc. § 482.040.

Here, the underlying claim is a breach of contract. Under California law, the elements of breach of contract are "1. the existence of a contract, 2. plaintiff's performance or excuse for nonperformance, 3. defendant's breach, and 4. Damages." Acoustics Inc. v. Trepte Construction Co., 14 Cal. App. 3d 887, 913 (1971).

///

**ANALYSIS**

The parties' dispute seems to turn on a disagreement as to what was actually agreed upon. Plaintiff has failed to show probable validity of the claim inasmuch as it has done little to establish the existence of a contract as Plaintiff describes.

Moreover, Plaintiff's Motion fails to clearly state the amount sought to be attached. Plaintiff's "Summary of Requested Relief" on page 2 of its Memorandum of Points and Authorities seeks attachment in the amount of $64,280, whereas the "Conclusion" section of the same document requests attachment in the amount of $85,296.75. Plaintiff's Notice of Motion for attachment states at the top of page 2 that Plaintiff seeks a right to attach Order in the amount of $85,296.75, but then two lines later requests attachment in the amount of $64,280. Such continual switching of necessary facts cannot serve as the basis for the extraordinary relief Plaintiff requests.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Writ of Attachment (Docket No. 44) is DENIED.

IT IS SO ORDERED.

Dated: April 2, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4