UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

PARADISE NORTHWEST INC.,                No. 2:09-cv-02027-MCE-DAD

        Plaintiff,

  v.                                    MEMORANDUM AND ORDER

SATVINDER PALSINGH RANDHAWA,
LORNA MARIE RANDHAWA dba GREAT
EASTERN EXPORT & TRADING
COMPANY,

        Defendants.

----

Presently before the Court is a Motion by Defendants Satvinder Palsingh Randhawa and Lorna Marie Randhawa doing business as Great Eastern Export & Trading Company ("Defendants") seeking leave of Court to serve a third-party complaint on Air Diffusion Systems, a John Hinde Company ("ADS"), in accordance with Federal Rule of Civil Procedure 14(a).[1]

///
///

----

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1    Defendants seeks indemnity or contribution from ADS on the
2 grounds that ADS failed to timely deliver an aeration system
3 necessary for Plaintiff Paradise Northwest, Inc. ("Plaintiff") to
4 conduct work on Lake Nainital in India pursuant to an agreement
5 between Defendants and Plaintiff.  Plaintiff has filed suit
6 against Defendants contending it has not been paid in full.
7    Defendants assert that ADS's failure to deliver a complete
8 aeration system resulted in delaying the project, increasing the
9 number of days Plaintiff remained on the job.  Without admitting
10 fault, Defendants aver that in the event they are held liable for
11 any of Plaintiff's claims, such damages are in whole or in part a
12 direct result of ADS's actions.
13    Federal Rule of Civil Procedure 14 permits parties to bring
14 a lawsuit against, or "implead," a third party who is not already
15 a party to the lawsuit in order to transfer liability being
16 asserted against it in the underlying lawsuit.  Specifically,
17 Rule 14 provides:
18       ... at any time after commencement of the action, a
          defending party, as a third-party plaintiff, may cause
19       a summons and complaint to be served upon a person not
          a party to the action who is or may be liable to the
20       third-party plaintiff for all or part of the
          plaintiff's claim against the third-party plaintiff.
21
22 Fed. R. Civ. P. 14(a).
23    Because Rule 14(a) is designed to reduce multiplicity of
24 litigation, it is construed liberally in favor of allowing
25 impleader. <u>Lehman v. Revolution Portfolio L.L.C.</u>, 166 F.3d 389,
26 393 (1st Cir. 1999).
27 ///
28 ///

1 | In deciding whether to permit impleader, the court considers
2 | prejudice to the original plaintiff, complication of issues at
3 | trial, likelihood of trial delay, and timeliness of the motion to
4 | implead.  <u>Irwin v. Mascott</u>, 94 F. Supp. 2d 1052, 1056 (N.D. Cal.
5 | 2000) (citing <u>Somportex Ltd. V. Philadelphia Chewing Gum Corp.</u>,
6 | 453 F.2d 435, 439 (3rd Cir. 1971)).

7 | This Court finds that impleader is proper as Defendants'
8 | third-party complaint would not disadvantage the existing action
9 | nor prejudice Plaintiff.  Defendants timely filed for leave of
10 | court prior to the issuance of a pretrial scheduling order.
11 | Currently, the Court requires no action from parties until
12 | March 17, 2011, which is the deadline for discovery.  Trial is
13 | presently set for January 17, 2012.  Ample time remains for
14 | Plaintiff to contest the issues raised by impleader, if it so
15 | chooses.

16 | Good cause having been shown, Defendants' Motion for Leave
17 | to file Third-Party Complaint (Docket No. 48) is GRANTED.

18 | IT IS SO ORDERED.

Dated: April 13, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE