UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PARADISE NORTHWEST INC., | No. 2:09-cv-02027-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| SATVINDER PALSINGH RANDHAWA, LORNA MARIE RANDHAWA dba GREAT EASTERN EXPORT & TRADING COMPANY, | |
| Defendants. | |

Presently before the Court is Defendants' Motion for Partial Summary Judgment as to Plaintiff's First Cause of Action, which alleges a civil RICO claim under 18 U.S.C. § 1962(c). Plaintiff provided hydrology-related engineering services to Defendants in connection with a water project located in India. Plaintiff contends that it was not paid even though Defendants themselves received remuneration for Plaintiff's services from the Indian government.

///

1

Defendants' motion, although brought as a motion for summary adjudication as to the RICO claim, in essence attacks Plaintiff's charging allegations as contained in the complaint. A review of the Court's docket in this matter does not reveal that Plaintiff challenged the sufficiency of the pleadings prior to bringing this motion.

"To prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." Chaset v. Fleer/Skybox Intern., LP, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c).

Defendants' challenge to the RICO claim asserted by Plaintiff here hinges on whether the requisite "enterprise" can be established. As Defendants point out, for RICO purposes the term contemplates two variants. First, an enterprise can be "any individual, partnership, corporation, association or other legal entity". Second, and alternatively, an enterprise can also be present with respect to "any union or group of individuals associated in fact although not a legal entity." Id. According to Defendants, while Plaintiff has "unambiguously pleaded an enterprise under the first category", it has failed to allege an enterprise under the second. See Defs.' Mot., 1:17-18  Because Defendants maintain that the Eastern Export and Trading Company was simply a fictitious business name maintained by the Randhawas as husband and wife, they assert that Eastern Export cannot qualify as an enterprise under the first category.

2

1  Given that shortcoming, and because Plaintiff made no effort in
2  its complaint to identify an enterprise under the second
3  category, Defendants claim they are entitled to summary
4  adjudication as to Plaintiff's RICO claim.
5       In opposition, Plaintiff does not dispute the
6  inapplicability here of any claimed enterprise under the first
7  category.  Instead, Plaintiff makes it clear that its opposition
8  is based on the fact that the Randhawas' fictitious name
9  statement can qualify under the second definition of enterprise
10 for RICO purposes as "any union or group of individuals
11 associated in fact although not a legal entity."  Pl.'s Opp'n,
12 3:19-21.  Defendants counter that they "can only move for summary
13 judgment upon the pleading that is on file," which, as stated
14 above, relies only on the first category.  See Defs.' Reply,
15 5:15.
16      While this may be true, Plaintiff requests within its
17 opposition leave to amend its Complaint in order to properly
18 reflect Plaintiff's reliance on the second category of enterprise
19 in stating its RICO claim.  Defendants' reply, while continuing
20 to reiterate that the pleadings as presently constituted are
21 insufficient, does not take issue with that request to amend.
22      As the Supreme Court has recognized, the terms of RICO are
23 "to be liberally construed to effectuate its remedial purposes."
24 Boyle v. U.S., 129 S. Ct. 2237, 22243 (2009).  Moreover, there is
25 authority for the proposition that this Court has discretion to
26 permit a party opposing summary judgment to offer an amended
27 pleading that sets forth a different theory of liability.
28 See Zaidi v. Ehrlich, 732 F.2d 1218, 1220 (5th Cir. 1984).

3

1 Given that discretion, particularly when coupled with the liberal
2 construction to be awarded RICO claims, the Court finds it is
3 proper at this time to grant Plaintiff's request to file an
4 amended pleading.  Discovery will not close for more than three
5 months, and Defendants have articulated no prejudice resulting
6 from an amendment at this juncture.
7     Plaintiff is accordingly granted twenty (20) days from the
8 date this Order is signed within which to file an amended
9 complaint.  Given the fact that amendment will be permitted,
10 Defendants' Motion for Partial Summary Judgment (ECF No. 68) is
11 DENIED,[1] without prejudice to refiling at a later time after a
12 First Amended Complaint is filed, or in the absence of such
13 filing, after the time for doing so has expired.
14     Finally, the Court notes that on December 1, 2010, Plaintiff
15 filed a request with the Court that it accept a later, signed
16 version of Dennis Williams' Declaration in Opposition to the
17 Motion for Partial Summary Judgment.  Plaintiff's counsel
18 indicates that it inadvertently filed an earlier, unsigned draft
19 of that declaration rather than the final version and seeks leave
20 to substitute the finalized declaration.
21 ///
22 ///
23 ///
24 ///
25 ///
26
27 [1] Because oral argument was not of material assistance, this
28 matter was deemed appropriate for submission on the briefs.  E.D. Cal. Local Rule 230(g).

4

No opposition was received to Plaintiff's request in that regard. Given that fact, and good cause appearing, Plaintiff's Motion for Leave (ECF No. 79) is GRANTED.

IT IS SO ORDERED.

Dated: January 13, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5