UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARADISE NORTHWEST INC., | No. 2:09-cv-02027-MCE-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SATVINDER PALSINGH RANDHAWA, LORNA MARIE RANDHAWA dba GREAT EASTERN EXPORT & TRADING COMPANY, | |
| Defendants and Third-Party Plaintiffs, | |
| AIR DIFFUSION SYSTEMS, A JOHN HINDE COMPANY, | |
| Third-Party Defendant. | |

----oo0oo----

Through this action, Paradise Northwest Inc. ("Plaintiff") seeks redress from Satvinder Palsingh Randhawa and Lorna Marie Randhawa doing business as Great Eastern Export & Trading Company ("Defendants") for alleged fraud, breach of contract, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

1

Presently before the Court is Defendants' Motion to Dismiss Plaintiff's RICO cause of action contained in the First Amended Complaint.  (ECF No. 86.)  For the reasons set below, Defendants' Motion to Dismiss will be granted.[1]

## BACKGROUND[2]

The instant dispute arises out of a project to re-oxygenate a lake in India.  Defendants formed an oral contract with Plaintiff, pursuant to which Plaintiff agreed to provide engineering services in connection with the project.  Defendants represented that the Indian Government would be paying for Plaintiff's services.  After Plaintiff rendered services pursuant to the oral contract, Defendants were paid directly by the Indian Government.  However, Defendants did not release any of these funds to Plaintiff.  As a result, Plaintiff has not been paid for the balance of its final invoice in the amount of $85,296.74.  Plaintiff contends that Defendants never intended to compensate Plaintiff for the engineering services as promised, and have victimized others with similar acts of fraud.

Defendants are a husband and wife doing business under the fictitious business name "Great Eastern Export and Trading Company."

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

[2] The factual assertions in this section are based on the allegations in Plaintiff's First Amended Complaint unless otherwise specified.

1 Satvinder made the business decisions for the venture and engaged
2 in negotiations.  Lorna's contribution to the venture was limited
3 to writing checks, reviewing invoices, and keeping track of
4 accounting information.  The business is not incorporated, and
5 there is no allegation of any partnership agreement.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Although "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)

///

3

("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must therefore contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

Once the court grants a motion to dismiss, they must then decide whether to grant a plaintiff leave to amend. Rule 15(a) authorizes the court to freely grant leave to amend when there is no "undue delay, bad faith, or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182 (1962). In fact, leave to amend is generally only denied when it is clear that the deficiencies of the complaint cannot possibly be cured by an amended version. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal citations omitted).

///

4

**ANALYSIS**

To state a RICO claim, a plaintiff must allege: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity. Odom v. Microsoft Corp., 486 F.3d 541, 547 (9th Cir. 2007) (internal quotations omitted). 'Enterprise' is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961.

Here, Plaintiff concedes that Defendants cannot qualify as an enterprise for RICO purposes as a formal legal entity. The dispositive question for purposes of this motion therefore becomes whether Defendants alternatively may constitute an associated-in-fact enterprise, and may accordingly pass muster under RICO in that regard. An associated-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." Odom, 486 F.3d at 552 (quoting United States v. Turkette, 452 U.S. 576, 583 (1981)). Further, an associated-in-fact enterprise must have at least three structural features: "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Boyle v. U.S., 129 S. Ct. 2237, 2244 (2009).

In the instant case, Plaintiff has not alleged facts sufficient to establish an associated-in-fact enterprise. Plaintiff contends that Defendants established an enterprise by forming the Great Eastern Export and Trading Company.
///

1  However, the Great Eastern Export and Trading Company is merely a
2  fictitious business name.  Defendants run the business as husband
3  and wife and have no employees.[3]  Further, the alleged duties of
4  Lorna Randhawa in connection with the business are limited to
5  writing checks, reviewing invoices, and keeping track of
6  accounting information.  (First Am. Compl. ¶ 13.)  Those
7  activities are normal incidents of a marital relationship and do
8  not give rise to an associated-in-fact enterprise.  In short,
9  Plaintiff makes no allegations to distinguish Defendants'
10 relationship from the partnership implicit in a typical marriage.
11 Because a marital relationship does not involve a common purpose
12 of engaging in a particular course of conduct, Plaintiff has not
13 established a RICO enterprise.[4]  As a result, the RICO claim must
14 be dismissed.
15 ///
16 ///

---

[3] In U.S. v. Benny, the Ninth Circuit held that, for purposes of RICO, a sole proprietorship with one or more employees may constitute an enterprise with which the proprietor may conspire.  786 F.2d 1410, 1415 (9th Cir. 1986).  However, as the business venture in the instant case is operated by husband and wife without any employees, Benny is inapplicable.

[4] The Court's own research revealed scant authority on the issue of whether a marriage may qualify as an enterprise for purposes of RICO, but at least one case has held that a marriage is an associated-in-fact enterprise.  Am. Mfrs. Mut. Ins. Co. v. Townson held that a marriage is an enterprise for purposes of RICO because a married couple is "associated together for the common purpose of engaging in a course of conduct necessary to preserve their welfare as a marital unit."  912 F. Supp. 291, 295 (E.D. Tenn. 1995).  However, the Court finds Townson poorly reasoned.  A marital relationship, without more, although it may entail a commitment to engage in general conduct necessary to preserve the relationship, does not involve a purpose of engaging in any specific course of conduct.  This Court declines to follow Townson's holding both because is not binding authority, and because it is ultimately unpersuasive in any event.

6

Plaintiff was previously granted leave to amend and was not able to cure the defects in the Complaint. Under the circumstances, it appears clear that Plaintiff cannot plausibly allege any facts that would establish a RICO enterprise.[5] As a result, Plaintiff should not be granted leave to amend the RICO claim.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's RICO claim (ECF No. 86) is hereby GRANTED. Plaintiff will not be permitted leave to amend that claim at this juncture.

IT IS SO ORDERED.

Dated: April 14, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[5] This conclusion is underscored by Plaintiff's proposed Second Amended Complaint, attached as an exhibit to Plaintiff's Motion fo Leave to Amend the First Amended Complaint. (ECF No. 95.) The Court's review of the RICO allegations in that pleading still causes it to conclude that no viable RICO claim can be alleged.