UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PARADISE NORTHWEST INC., | No. 2:09-cv-02027-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| SATVINDER PALSINGH RANDHAWA, LORNA MARIE RANDHAWA dba GREAT EASTERN EXPORT & TRADING COMPANY, | |
| Defendants. | |

Having reviewed Plaintiff's Motion for Leave to File Second Amended Complaint (incorrectly docketed as a Motion for Leave to File First Amended Motion to Dismiss"), the Court notes that the Motion's reliance on a liberal standard for amendment, as articulated by Federal Rule of Civil Procedure 15(a)[1], is improper.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

1 Once a district court has filed a pretrial scheduling order
2 pursuant to Rule 16, as this Court did here on February 19, 2010,
3 the standards set forth by Rule 16 control.  <u>Johnson v. Mammoth</u>
4 <u>Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).
5      "Unlike Rule 15(a)'s liberal amendment policy which focuses
6 on the bad faith of the party seeking to interpose an amendment
7 and the prejudice to the opposing party, Rule 16(b)'s 'good
8 cause' standard primarily considers the diligence of the party
9 seeking the amendment."  <u>Johnson</u>, 975 F.2d at 609.  In explaining
10 this standard, the Ninth Circuit has stated that:

>     [a] district court may modify the pretrial schedule 'if
>     it cannot reasonably be met despite the diligence of
>     the party seeking the extension.'  Moreover,
>     carelessness is not compatible with a finding of
>     diligence and offers no reason for granting of relief.
>     Although the existence or degree of prejudice to the
>     party opposing the modification might supply additional
>     reasons to deny a motion, the focus of the inquiry is
>     upon the moving party's reasons for seeking
>     modification.  If that party was not diligent, the
>     inquiry should end.

17 <u>Id.</u> (citations omitted).
18      Neither Plaintiff, in bringing the instant Motion to Amend,
19 or Defendants, in opposing Plaintiff's request, have discussed
20 the proper Rule 16 standard upon which said Motion must be
21 adjudicated.  In order to afford the parties an opportunity to
22 address the correct standard, the presently scheduled May 5, 2011
23 hearing date for the Motion (ECF No. 95) is hereby continued to
24 **May 19, 2011 at 2:00 p.m**.
25 ///
26 ///
27 ///
28 ///

Counsel are directed to file simultaneous supplemental briefing on the issue of whether Rule 16's prerequisites have been satisfied not later than **May 10, 2011.** That briefing shall not exceed ten (10) pages in length. No responsive briefing will be permitted.

IT IS SO ORDERED.

Dated: May 3, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE