1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11   PARADISE NORTHWEST INC.,
                                    No. 2:09-cv-02027-MCE-DAD
12            Plaintiff,

13       v.                         **ORDER**

14   SATVINDER PALSINGH RANHAWA,
     LORNA MARIE RANDHAWA dba
15   GREAT EASTERN EXPORT &
     TRADING COMPANY;
16
              Defendants.
17

18                        ----oo0oo----

19

20       Presently before the Court is a Motion for Leave to File a

21   Second Amended Complaint filed on behalf of Plaintiff Paradise

22   Northwest Inc. ("Plaintiff").  In order to effectuate that

23   amendment, Plaintiff also asks that the Pretrial Scheduling Order

24   ("PTSO") in this matter be modified accordingly.

25       In requesting leave to file its amended pleading, Plaintiff

26   relied on the liberal standard for doing so under Federal Rule of

27   Civil Procedure 15(a).

28   ///

                                    1

1  Eminence Capital LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th
2  Cir. 2003) ("Generally Rule 15 advises the court that 'leave
3  shall be freely given when justice so requires.'  This policy is
4  'to be applied with extreme liberality.'") (internal citations
5  omitted).

6      Once a district court has filed a PTSO pursuant to Federal
7  Rule of Civil Procedure 16,[1] however, the standards set forth in
8  Rule 16, as opposed to Rule 15, are controlling.  Johnson v.
9  Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).
10  Here the PTSO was issued on February 19, 2010, and permitted
11  further amendments to the pleadings only on a showing of good
12  cause.  Likewise, Rule 16 authorizes deviation from the PTSO
13  setting forth that prerequisite for amendment on a good cause
14  showing as well.  See Fed. R. Civ. P. 16(b).

15      Unlike Rule 15(a)'s liberal amendment policy which focuses
16  on the bad faith of the party seeking to interpose an amendment
17  and the prejudice to the opposing party, Rule 16(b)'s 'good
18  cause' standard primarily considers the diligence of the party
19  seeking the amendment."  Johnson, 975 F.2d at 609.  In explaining
20  this standard, the Ninth Circuit has stated that:
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27
28      [1] Unless otherwise stated, all references to "Rule" or
"Rules" refer to the Federal Rules of Civil Procedure.

1
2
3
4
5
6

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

7   Id. (citations omitted).

8       Although Plaintiff's alternative request to amend the PTSO

9   did ostensibly cite to the correct Rule 16 standard, the Motion

10  for Leave to File an Amended Complaint itself, as stated above,

11  cited incorrectly to Rule 15(a).  Moreover, neither Plaintiff's

12  papers, nor Defendants' opposition, properly analyzed the issue

13  of whether Plaintiff was diligent in seeking to amend its

14  pleadings under a Rule 16 analysis.  Consequently, by Order filed

15  May 3, 2011, the Court requested additional briefing on that

16  issue and continued the hearing on Plaintiff's Motion, originally

17  set for May 5, 2011, to May 19, 2011, in order to accommodate

18  that briefing.

19       Both Plaintiff and Defendants filed supplemental briefs on

20  May 10, 2011.  Plaintiff maintains that the proposed amendment

21  conforms to proof adduced at several depositions in this matter

22  taken between March 1 and 3, 2011.  Plaintiff alleges that those

23  depositions served to clarify the allegations previously made

24  against Defendants, and Plaintiff seeks to effectuate that

25  clarification by way of amendment.  Since the present motion was

26  filed less than three weeks after the depositions in question

27  were completed, it appears Plaintiff has been diligent in seeking

28  to amend its complaint.

1   Moreover, because trial in this case is not scheduled until

2   January of 2012, there is no indication of any prejudice to

3   Defendants from permitting the requested amendment.

4        Defendants' opposition, for the most part, consists of

5   substantive challenges to the proposed amended pleading that,

6   while potentially appropriate in response to the Second Amended

7   Complaint, once filed, are not proper in the context of whether

8   Plaintiff should as an initial matter be permitted to file its

9   amended complaint.  Although Defendants do claim that Plaintiff's

10  personnel should have known about the alleged details of various

11  alleged oral contracts between Plaintiff and Defendants as soon

12  as they occurred, the Court believes it not implausible that

13  certain details were not flushed out by Plaintiff's counsel until

14  depositions of its personnel were obtained.  The Court cannot

15  conclude that any shortcoming in that regard amounts to a lack of

16  diligence per se.

17       Plaintiff's Motion for Leave to File Second Amended

18  Complaint (ECF No. 95, incorrectly docketed as a "Motion for

19  Leave to File Amended Motion to Dismiss") is accordingly

20  GRANTED.[2]

21  ///

22  ///

23  ///

24  ///

25  ///

26

27       [2] Because oral argument was not deemed to be of material
    assistance, the Court ordered this matter submitted on the
28  briefs. E.D. Cal. Local Rule 230(g).

4

1   Plaintiff may file the "Revised" Proposed Second Amended

2   Complaint attached to its Reply (ECF No. 100)[3] not later than ten

3   (10) days following the filing of this Order.  Although the Court

4   recognizes that Defendants' Opposition requests an across-the-

5   board extension of all dates set forth in the PTSO in the event

6   this motion is granted, any motion in that regard is neither

7   properly before the Court at this time nor adequately briefed.

8        IT IS SO ORDERED.

9
    Dated: May 20, 2011

10

11   _____

12   MORRISON C. ENGLAND, JR.
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25       [3] Defendants' objection to the "Revised" Proposed Second
     Amended Complaint, made on grounds that said revised version is
     improperly procedurally as included within Plaintiff's reply, is
26   hereby overruled.  The purpose of the "Revised" pleading was
     simply to respond to Defendants' own argument that the Court's
27   interim dismissal of Plaintiff's RICO claim nullified various
     portions of the proposed amended pleading as submitted before
28   that dismissal took place.