UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PARADISE NORTHWEST INC., COMPANY, | No. 2:09-cv-02027-MCE-DAD |
| Plaintiff, | |
| v. | **ORDER** |
| SATVINDER PALSINGH RANDHAWA, LORNA MARIE RANDHAWA dba GREAT EASTERN EXPORT & TRADING COMPANY, | |
| Defendants and Third-Party Plaintiffs, | |
| v. | |
| AIR DIFFUSION SYSTEMS, A JOHN HINDE COMPANY, | |
| Third Party Defendant. | |

Presently before the Court is Defendants' Motion to Modify Discovery and Expert Disclosure Dates, as set forth in the February 19, 2010 Pretrial Scheduling Order ("PTSO") issued in this matter (ECF No. 49).

1

Given the Court's sua sponte continuance of the trial from January 17, 2012 to January 22, 2013 (ECF No. 126), Defendants request that discovery and expert disclosure dates in this case, which have already passed, be continued in conformity with the new trial date.

Once a district court has filed a PTSO pursuant to Federal Rule of Civil Procedure 16,[1] that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to a final pretrial conference, which has been continued to November 29, 2012, this Court may modify its status order upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

Defendants' basis for seeing modification of the PTSO rests primarily with their contention that Plaintiffs, in filing a Second Amended Complaint on May 25, 2011, made "fundamental changes" to the facts, thereby making additional discovery necessary. Defs.' Mot., 2:22-24. Plaintiffs, in opposition, claim that any new factual allegations were made solely as a result of new information that came out in the course of depositions taken by both parties in March of 2011. According to Plaintiffs, then, any changes encompassed by the Second Amended Complaint were done simply to conform to already established proof.

///
///
///
///

---

[1] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

Having reviewed the papers submitted both in support of this Motion, and a similar motion filed on June 9, 2011 (ECF No. 111, later vacated at Defendants' request), the Court concludes that Defendants have already had more than ample opportunity to explore the issues presented by this case through depositions and discovery already completed.  No good cause has been demonstrated to justify still more discovery through the requested modifications to the PTSO.

Based on the foregoing, then, Defendants' Motion to Modify Discovery and Expert Disclosure Dates in the Pretrial Scheduling Order (ECF No. 135) is hereby DENIED.[2]

IT IS SO ORDERED.

Dated: January 18, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(h).

3