UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARADISE NORTHWEST INC., | No. 2:09-cv-02027-MCE-KJN |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SATVINDER PALSINGH RANDHAWA, LORNA MARIE RANDHAWA dba GREAT EASTERN EXPORT & TRADING COMPANY, | |
| Defendants and Third-Party Plaintiffs, | |
| AIR DIFFUSION SYSTEMS, A JOHN HINDE COMPANY, | |
| Third-Party Defendant. | |

----oo0oo----

Through this action, Paradise Northwest Inc. ("Plaintiff") seeks redress from Satvinder Palsingh Randhawa and Lorna Marie Randhawa doing business as Great Eastern Export & Trading Company ("Defendants") for Defendants' alleged fraud and breach of contract in connection with Plaintiff's provision of engineering goods and services to Defendants.

1

Jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. Presently before the Court is a Motion for Summary Judgment brought by Defendant Lorna Randhawa ("Lorna"), pursuant to Federal Rule of Civil Procedure 56, on grounds that Lorna is entitled to judgment in her favor as a matter of law as to all claims asserted against her by Plaintiff. For the reasons set below, Lorna's motion will be denied.[1]

## BACKGROUND[2]

The instant dispute arises out of a project to re-oxygenate Lake Nainital, a body of water located in Utterakhand, India. According to Plaintiff's Second Amended Complaint ("SAC"), Defendants formed an oral contract with Plaintiff, pursuant to which Plaintiff agreed to provide certain ozone equipment hydrology-related engineering services in connection with the project. Defendants did make a down payment for equipment and two other payments that totaled $30,843.00, and represented that the Indian Government would ultimately be paying for Plaintiff's services and that Defendants would forward monies so received to Plaintiff to cover the balance of its invoices. After Plaintiff rendered services pursuant to the oral contract, Defendants were in fact paid directly by the Indian Government.

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The factual assertions in this section are based on the allegations in Plaintiff's Second Amended Complaint unless otherwise specified.

Plaintiff alleges, however, that Defendants failed to release any of those funds to Plaintiff despite their agreement to do so.  As a result, Plaintiff has not been paid for the balance of its final invoice in the amount of $85,296.74.  Plaintiff contends that Defendants never intended to compensate Plaintiff for the engineering services as promised, and have victimized others with similar acts of fraud.

Defendants Satvinder and Lorna Randhawa are a husband and wife doing business under the fictitious business name "Great Eastern Export and Trading Company."  See Decl. Of Herman Franck, Exh. A and attachment thereto.  Lorna filed the requisite fictitious business statement application for the business on July 5, 2006, indicating that the business was conducted by both herself and her husband.  Id.  Lorna's declaration indicates that she established a checking account for the business.  She goes on to state that later both opened and used a credit card also in Great Eastern's name.  Id.

Lorna now moves for summary judgment as to the three remaining claims made by Plaintiff in this action.  Her arguments in attacking the viability of those claims are essentially identical.  In short, Lorna claims that she cannot be liable for either breach of contract, fraud or a common count for services rendered because any contracts, promises and/or breaches at issue had nothing to do with her and involved only, at most, her husband.

///
///
///

In opposition, Plaintiff claims that the evidence shows that Lorna both owned the business and was a "central participant in the defendants' scheme to commit fraud and breach their contract with plaintiff." Defs.' Moving Papers, 6:23-24. According to Plaintiff, Lorna generated several purchase orders involving the reoxygenation project and either signed or initialed those purchase orders. She also signed certain checks to Plaintiffs. See Decl. Of Dennis Williams, ¶¶ 14-17, Exs. H-I, D-E.[3] In addition, Mr. Williams, who is Plaintiff's President, states he received a series of emails detailing Lorna's involvement in the business, which included the initiation of money wire transactions and various conversations concerning the reoxygenation project. Id. at ¶ 18, Ex. K.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

///

---

[3] The Court notes that Defendant has filed a Motion to Strike portions of the Williams Declaration and its exhibits. To the extent relied upon or cited within this Memorandum and Order, those objections are overruled and Defendant's Motion (ECF No. 131) is Denied. The remainder of the Williams Declaration was not germane to the Court's decision herein and the Court need not rule on the propriety of Defendant's objections to the remaining allegations and declines to do so.

4

One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

> As the Supreme Court has noted,
>
> A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323(quoting Rule 56(c)). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). In attempting to establish the existence of this factual dispute, the opposing party must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987).

///
///

1    Stated another way, "before the evidence is left to the
2 jury, there is a preliminary question for the judge, not whether
3 there is literally no evidence, but whether there is any upon
4 which a jury could properly proceed to find a verdict for the
5 party producing it, upon whom the onus of proof is imposed."
6 Anderson, 477 U.S. at 251 (quoting Schuylkill and Dauphin
7 Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)).  As the
8 Supreme Court explained, "[w]hen the moving party has carried its
9 burden under Rule 56(c), its opponent must do more than simply
10 show that there is some metaphysical doubt as to the material
11 facts .... Where the record taken as a whole could not lead a
12 rational trier of fact to find for the nonmoving party, there is
13 no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 586-87.
14    In resolving a summary judgment motion, the evidence of the
15 opposing party is to be believed, and all reasonable inferences
16 that may be drawn from the facts placed before the court must be
17 drawn in favor of the opposing party. Anderson, 477 U.S. at 255.
18 Nevertheless, inferences are not drawn out of the air, and it is
19 the opposing party's obligation to produce a factual predicate
20 from which the inference may be drawn.  Richards v. Nielsen
21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
22 aff'd, 810 F.2d 898 (9th Cir. 1987).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

6

**ANALYSIS**

In moving for summary judgment as to Plaintiff's claims against her in their entirety (as opposed to requesting summary adjudication as to particular claims), Lorna's motion necessarily fails unless <u>all</u> causes of action pled by Plaintiff fail as a matter of law.  Lorna's motion plainly fails under that comprehensive and daunting standard.

There are numerous triable issues of fact here which preclude summary judgment.  Plaintiff has cited credible evidence indicating that Lorna both owned the business along with her husband and had an active role in its operation, both financially and on an operational basis.  Aside from a brief declarations from Lorna attaching the Fictitious Business Statement she filed for the business, and describing the checking and credit card accounts she opened on business' behalf, along with another equally brief declaration with respect to the authenticity of an exhibit, there is no other testimony submitted from Lorna either by way of further declaration or deposition.  Despite that relative dearth of information, however, the evidence cited by Plaintiff, as set forth in the background section of this Memorandum and Order, is still sufficient to raise triable issues as to the nature of her involvement that preclude summary judgment.

///
///
///
///

1    Moreover, and just as importantly, it appears beyond dispute
2 that Lorna was a co-owner of the business.  An individual who
3 owns the assets of a sole proprietorship, like the Great Eastern
4 Export and Trading Company herein, is personally liable for all
5 debts and responsibilities incurred by the business.  <u>Century</u>
6 <u>Sur. Co. v. Polisso</u>, 139 Cal. App. 4th 922, 943 (2006).  A
7 husband and wife can jointly own and operate a sole
8 proprietorship.  <u>See</u>, e.g., <u>In re Marriage of Waddell</u>, 2003 WL
9 1996066 at *1 (Cal. App. 2003).  As Lorna's Declaration and the
10 attached Fictitious Business Name Statement show, Great Eastern
11 was established as a sole proprietorship by the Randhawas, as
12 husband and wife.  Franck Decl., Ex. A.  Both Lorna and her
13 husband are accordingly liable for the acts and omissions of the
14 business they created.

## CONCLUSION

18    Based on the foregoing, Defendant Lorna Randhawa's Motion for
19 Summary Judgment (ECF No. 113) is hereby DENIED.  Lorna's Motion
20 to Strike (ECF No. 131) portions of the Declaration of Dennis
21 Williams submitted in opposition to her motion is also DENIED as
22 set forth in Footnote 3 of this Memorandum and Order above.
23    IT IS SO ORDERED.
  Dated: January 18, 2012

                         _____
                         MORRISON C. ENGLAND, JR.
                         UNITED STATES DISTRICT JUDGE

8