UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PARADISE NORTHWEST INC.,

Plaintiff,

v.

SATVINDER PALSINGH RANDHAWA, LORNA MARIE RANDHAWA dba GREAT EASTERN EXPORT & TRADING COMPANY,

Defendants and Third-Party Plaintiffs,

AIR DIFFUSION SYSTEMS, A JOHN HINDE COMPANY,

Third-Party Defendant.

No. 2:09-cv-02027-MCE-KJN

**MEMORANDUM AND ORDER**

----oo0oo----

Through this action, Paradise Northwest Inc. ("Plaintiff") seeks redress from Satvinder Palsingh Randhawa and Lorna Marie Randhawa doing business as Great Eastern Export & Trading Company ("Defendants") for Defendants' alleged fraud and breach of contract in connection with Plaintiff's provision of engineering goods and services to Defendants.

Jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Second Cause of Action, for fraud under California law, on grounds that said cause of action fails to state a cause of action on which relief can be granted and consequently must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set below, Defendants' Motion to Dismiss will be denied.[1]

**BACKGROUND**[2]

The instant dispute arises out of a project to re-oxygenate Lake Nainital, a body of water located in Utterakhand, India. According to Plaintiff's Second Amended Complaint ("SAC"), Defendants formed an oral contract with Plaintiff, pursuant to which Plaintiff agreed to provide certain ozone equipment hydrology-related engineering services in connection with the project. Defendants did make a down payment for equipment and two other payments that totaled $30,843.00, and represented that the Indian Government would ultimately be paying for Plaintiff's services and that Defendants would forward monies so received to Plaintiff to cover the balance of its invoices.

///

---

[1] Because oral argument was not of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[2] The factual assertions in this section are based on the allegations in Plaintiff's Second Amended Complaint unless otherwise specified.

After Plaintiff rendered services pursuant to the oral contract, Defendants were in fact paid directly by the Indian Government. Plaintiff alleges, however, that Defendants failed to release any of those funds to Plaintiff despite their agreement to do so. As a result, Plaintiff has not been paid for the balance of its final invoice in the amount of $85,296.74. Plaintiff contends that Defendants never intended to compensate Plaintiff for the engineering services as promised, and have victimized others with similar acts of fraud.

Defendants Satvinder and Lorna Randhawa are a husband and wife doing business under the fictitious business name "Great Eastern Export and Trading Company."

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," to "give the defendant fair notice of what the... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

///

///

///

Although "a complaint attacked by a Rule 12(b)(6) motion" need not contain "detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 2869 (1986)). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) ("[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Further, "Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing...grounds on which the claim rests." Twombly, 550 U.S. at 555 n.3 (internal citations omitted). A pleading must therefore contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.

///

///

///

///

///

///

**ANALYSIS**

In California the required elements of fraud are "a) misrepresentation; b) knowledge of falsity; c) intent to defraud, i.e., to induce reliance; d) justifiable reliance; and e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008) (citation omitted). When alleging fraud, a plaintiff must meet a heightened pleading standard under which "a party must state with particularity the circumstances constituting fraud...." Fed. R. Civ. P. 9(b). In order to pass muster under Rule 9(b), a pleading must provide enough information to put the defendant on notice of the conduct complained of so that an adequate defense can be formulated. See, e.g., Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1989).

Defendants previously moved to dismiss Plaintiff's fraud claim, as stated in its initial complaint, in 2009 on much the same grounds as it now targets the same claim asserted within the SAC. That previous attempt on Defendants' part to dismiss the claim was unsuccessful, and their present attempt is no more persuasive. The SAC, like the initial complaint, sufficiently outlines the circumstances under which Plaintiff believes it was defrauded. The SAC alleges that Plaintiff made an oral contract to provide both hydrology-related engineering services and ozone equipment to Defendants in exchange for a promise to pay for those goods and services once Defendants themselves received payment from the government of India. SAC, ¶¶ 10-13.

///

Plaintiff alleges that Defendants knew that said promise to pay was false, that Defendants intended to induce performance by Plaintiff based on such representations, that Plaintiff did in fact rely to its detriment in providing engineering services, and that Plaintiff thereafter suffered damage due to Defendants' nonpayment. Id. at 18-20. These allegations, taken as a whole, are adequate to state a viable fraud claim. They clearly provide enough specificity to give Defendants sufficient notice of the accusations being levied against them.

**CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss Second Cause of Action, for Fraud (ECF No. 110) is hereby DENIED.

IT IS SO ORDERED.

Dated: January 18, 2012

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE