1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   PARADISE NORTHWEST INC.,                    No.  2:09-cv-02027-MCE-DAD

12              Plaintiff,

13        v.                                      **ORDER**

14   SATVINDER PALSINGH RANDHAWA,
     LORNA MARIE RANDHAWA dba
15   GREAT EASTERN EXPORT &
     TRADING COMPANY,
16
              Defendants and Third-
17            Party Plaintiffs,

18        v.

19   AIR DIFFUSION SYSTEMS, A JOHN
     HINDE COMPANY,
20
              Third-Party
21            Defendant.

22

23

24        The motion presently before the Court, filed by Plaintiff Paradise Northwest

25   ("Plaintiff"), seeks attorney's fees based on the failure of Defendants Satvinder Parlsingh

26   Randhawa and Lorna Marie Randhawa, dba Great Eastern Export & Trading Company

27   ("Defendants") to admit certain requests for admissions in this matter.

28
                                             1

1    Plaintiff filed the instant action on July 22, 2009, seeking damages from

2  Defendants for failing to pay invoices relating to the purchase and installation of aeration

3  equipment needed to reoxygenate a lake near Utterakhand, India.  Causes of action

4  pled included claims premised on breach of contract, common counts and fraud.  On

5  August 17, 2010, Plaintiff served requests for admissions on Defendants asking, inter

6  alia, that Defendants admit the requisite elements for each of those claims.  On or about

7  September 20, 2010, Defendants served responses either denying or objecting to all of

8  the admission requests at issue.

9    Following a jury trial, verdicts in favor of Plaintiff were returned on December 10,

10  2013.[1]  Compensatory damages totaling $128,560.00 were awarded, along with an

11  additional punitive damages award against Defendant Satvinder Randhawa in the sum

12  of $30,000.00.  Given the fact that Plaintiff had to establish the elements of breach of

13  contract, common count and fraud that Defendants had failed to admit more than three

14  years beforehand in the context of the aforementioned admission requests, Plaintiff now

15  requests attorneys' fees in the amount of $62,505.00, which represents work done on

16  the case since the time of the admission responses on September 20, 2010.

17    Plaintiff's motion is premised on Federal Rule of Civil Procedure 37(d)(2),[2] which

18  authorizes an award of attorneys' fees for failure to admit requests for admissions as

19  follows:

20    (2)  **Failure to Admit.**  If a party fails to admit what is
requested under Rule 26 and if the requesting party later
21  proves a document to be genuine or the matter true, the
requesting may move that the party who failed to admit pay
22  the reasonable expenses, including attorney's fees, incurred
in making that proof.  The court must so order unless:
23

24    (A)  the request was held objectionable under Rule 36(a);

25    (B)  the admission sought was of no substantial importance;

26    _____

[1] The only exception was the fraud claim against Lorna Randhawa, which was in her favor.

27    [2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless
otherwise noted.

28

1

(C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or

2

3

(D)  there was other good reason for the failure to admit.

4

Fed. R. Civ. P. 37(c)(2).

5

Although the language of Rule 37 mandates the award of attorney's fees if

6

admissions are not made and the requesting party thereafter incurs expense in

7

establishing the disputed admissions, whether or not an exception applies, as delineated

8

in subdivisions (A) through (D) above, is a matter within the Court's discretion.   See

9

Marchand v. Mercy Med. Ctr., 22 F.3d 933, 936 (9th Cir. 1994).

10

In opposition to Plaintiff's motion, Defendants go through each of the disputed

11

admissions and argue why they had good cause to decline to admit.  While their

12

arguments include contentions that the admissions were properly objectionable for

13

various reasons, their most prominent defense is that they had "reasonable ground to

14

believe [they] might prevail" and accordingly fell within that exception to a mandated fee

15

award under Rule 37(c)(2).  In the Court's estimation, the present motion can be denied

16

on that basis alone without considering any of the other contentions advanced by

17

Defendants.

18

In determining whether a party reasonably believed it might prevail for purposes

19

of Rule 37(c)(2), the true test is "not whether [the] party prevailed at trial but rather

20

whether [it] acted reasonably in believing that [it] might prevail.  Foster Poultry Farms,

21

Inc. v. Suntrust Bank, 2008 WL 2220425, at *3 (E.D. Cal. May 27, 2008), reversed in

22

part on other grounds in Foster Poultry Farms, Inc. v. SunTrust Bank, 377 F. App'x. 665

23

(9th Cir. 2010).

24

Given the circumstances of this matter, the Court cannot say that Defendants

25

acted unreasonably in believing they had defenses to Plaintiff's claims that might allow

26

them to prevail.  This case involved multiple invoices that could be confusing and less

27

than clear-cut.  Moreover, resolution of the case depended heavily on credibility factors

28

that Defendants undoubtedly believed would be resolved in their favor.  As Foster

3

1     indicates, the critical issue is not the fact that Defendants ultimately lost at trial, but,

2     rather, whether they had reasonable grounds for believing they might have prevailed at

3     the time the admission responses were tendered.  Id.  The Court finds that there was

4     enough conflicting evidence in this matter for Defendants to invoke that exception to a

5     fee award under Rule 37(c)(2).

6         Plaintiff's Motion for Attorney's Fees (ECF No. 207) is accordingly DENIED.[3]

7         IT IS SO ORDERED.

8     Dated:  August 4, 2014

9

10

11                   _____

12                   MORRISON C. ENGLAND, JR., CHIEF JUDGE
                       UNITED STATES DISTRICT COURT

---

[3] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

4