1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   PARADISE NORTHWEST INC.,                No.  2:09-cv-02027-MCE-DAD

12              Plaintiff,

13         v.                                **MEMORANDUM AND ORDER**

14   SATVINDER PALSINGH RANDHAWA,
     LORNA MARIE RANDHAWA dba
15   GREAT EASTERN EXPORT &
     TRADING COMPANY,
16
               Defendants and Third-
17             Party Plaintiffs,

18         v.

19   AIR DIFFUSION SYSTEMS, A JOHN
     HINDE COMPANY,
20
               Third-Party
21             Defendant.

22

23

24         Through this Motion, Defendants and Third-Party Plaintiffs Satvinder Palsingh

25   Randhawa and Lorna Marie Randhawa dba Great Eastern Export and Trading Company

26   ("Defendants" unless otherwise indicated) move for judgment as a matter of law

27   ///

28
                                    1

("JMOL") under Federal Rule of Civil Procedure 50(b)[1] as to certain claims asserted against them by Plaintiff Pacific Northwest, Inc. ("Plaintiff").   Alternatively, Defendants request that this Court order a new trial or remittitur in accordance with Rule 59(a) on grounds that the verdict reached by the jury in this matter was against the weight of the evidence and resulted in a miscarriage of justice.  As set forth below, Defendant's Motion is denied.[2]

**BACKGROUND**

This lawsuit arises from goods and services provided by Plaintiff to aerate Lake Nainital, a small, shallow body of water situated in the Himalayan foothills near Utterakhand, India.  Once Plaintiff had the equipment shipped to India and installed in late 2007, Plaintiff claims that Defendants refused to pay the balance due for the equipment, and further refused to pay for any of the labor and travel costs after making an initial payment of $3,000.00, plus airfare, for those expenses.  Plaintiff subsequently sued Defendants, asserting claims premised on breach of contract, fraud and common count theories.  Punitive damages were sought in connection with the fraud claim.  The case ultimately went to jury trial commencing on December 2, 2013.  According to Plaintiff, Defendants owed an unpaid balance of some $32,960 for the ozone equipment used in the installation, along with approximately $31,320 for on-site labor and services.  Plaintiff further sought accrued interest on these unpaid balances.

Following a trial that extended over five days, the jury returned verdicts in favor of Plaintiff in all respects except that it found in favor of Defendant Lorna Randhawa dba Great Eastern Export & Trading Co on the fraud claim asserted against her.  Otherwise, however, the verdicts on the breach of contract and common count claims were in favor

---

[1] Unless noted to the contrary, all further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

[2] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

of Plaintiff.  The same damages were awarded as to each of those counts:  a total of $64,280.00 to compensate Plaintiff for its unpaid invoices with respect to both the ozone equipment ($32,960.00) and installation services ($31,320.00), as well as an additional $64,280.00 in accrued interest, for total damages of $128,560.00.  In addition, with respect to the false promise fraud claim against Defendant Satvinder Palsingh Randhawa dba Great Eastern Export & Trading Co., the same $128,560.00 in damages was returned by the jury.  Finally, although the jury declined to award punitive damages as to Lorna Randhawa, it did award Plaintiff the sum of $30,000.00 against her husband, Satvinder Randhawa.[3]

Defendants now move for judgment as a matter of law or, in the alternative, for a partial new trial, on all claims against them relating to the unpaid ozone equipment invoices, whether premised on breach of contract or on Plaintiff's common count claim. Defendants further move for a new trial with respect to any breach of contract/common count claims relating to the installation of the aeration system at issue on grounds that said claims are contrary to the clear weight of the evidence.  Finally, Defendant Satvinder Randhawa requests judgment as a matter of law or, alternatively, a new trial as to the fraud claims and the award of punitive damages against him.


**STANDARD**


**A.   Motion for Judgment as a Matter of Law**

A JMOL is proper only when "the evidence permits only one reasonable conclusion and the conclusion is contrary to that reached by the jury." Lakeside-Scott v. Multnomah County, 556 F.3d 797, 802 (9th Cir. 2009) (internal quotation marks and citation omitted); White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002).  To justify

---

[3] The jury also returned verdicts absolving the ozone equipment vendor, Air Diffusions Systems, of negligence or comparative fault, but those verdicts have not been challenged by Defendants and are consequently not at issue in this Motion.  Nor are Defendants challenging, for obvious reasons, the jury's rejection of any fraud claim with respect to Lorna Randhawa.

1   relief through a JMOL, there must be a "complete absence of probative facts to support

2   the conclusion reached so that no reasonable juror could have found for the nonmoving

3   party." Eich v. Board of Regents for Central Missouri State Univ., 350 F.3d 752, 761 (8th

4   Cir. 2003).  While the Court should review the evidence comprising the record, it should

5   "not make credibility determinations or weigh the evidence," and further should construe

6   all evidence in the light most favoring the nonmoving party, here Plaintiff.  Reeves v.

7   Sanderson Plumbing Co., 530 U.S. 133, 150-51 (2000).

8          In order to bring the present post-trial motion under Rule 50(b), Defendants must

9   first have moved for JMOL prior to submission of the case to the jury.  Fed. R. Civ. P.

10   50(a).  Here, the requisite motion was made by Defendants on December 6, 2013, prior

11   to the time evidence closed on December 6, 2009, and was subsequently denied.   That

12   allowed Defendants to renew their motion for JMOL after entry of trial under Rule 50(b).

13   Partial judgment as a matter of law is also available under the statute.  Ace v. Aetna Life

14   Ins. Co., 139 F.3d 1241 (9th Cir. 1997).

15

16          **B.  Motion for New Trial**

17          As an alternative to their request for JMOL, Defendants advocate for a partial new

18   trial on grounds that the verdict ultimately reached by the jury was against the weight of

19   the evidence.  A district court has discretion to grant a new trial when the jury's verdict is

20   contrary to the "clear weight of the evidence," is based on false evidence, or would result

21   in a miscarriage of justice.  Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251

22   F.3d 814, 819 (9th Cir. 2001);  Rattray v. City of Nat'l City, 51 F.3d 793, 800 (9th Cir.

23   1994).  The standard for assessing a motion for new trial differs from that applicable to a

24   motion for JMOL under Rule 50(b) inasmuch as even if the verdict is supported by

25   enough evidence to survive a 50(b) challenge, the Court in ruling on a new trial request

26   has the obligation to set aside the verdict under Rule 59(a) if the verdict runs afoul of the

27   "clear weight" of the evidence that has been presented.  See Molski v. M.J. Cable, Inc.,

28   481 F.3d 724, 729 (9th Cir. 2007).

A verdict is against the clear weight of the evidence when, after giving full respect to the jury's findings, the judge "is left with the definite and firm conviction that a mistake has been committed" by the jury.  Landes Const. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1371-1372 (9th Cir. 1987) (citations omitted).  In ruling on a motion for new trial, "the judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party."  Air-Sea Forwarders, Inc. v. Air Asia Co., Ltd., 880 F.2d 176, 190 (9th Cir. 1989); see also United States v. Kellington, 217 F.3d 1084, 1095 (9th Cir. 2000).

Defendants can move for a partial new trial as long as the issues on which a new trial is sought are distinct enough that retrial as to those issues is not unjust to the non-moving party, here Plaintiff.  Pumphrey v. K.W. Thompson Tool Co., 62 F.3d 1128, 1133-34 (9th Cir. 1995).

**ANALYSIS**

**A.  Judgment as a Matter of Law**

As set forth above, the standard for granting a motion for JMOL is a rigorous one. The Court must find a "complete absence" of facts to support the verdict such that no reasonable jury could have reached the decision it did.  Eich v. Board of Regents, 350 F.3d at 761.  Moreover, all reasonable inferences have to be construed in favor of the Plaintiff, as the non-moving party.  Reeves v. Sanderson Plumbing Co., 530 U.S. at 150-51.  Moreover, should it grant JMOL, the Court must have a "definite and firm conviction" that the jury erred.  Landes Constr. Co., Inc. v. Royal Bank of Canada, 833 F.2d at 1371-72.

Defendants' current request for JMOL, insofar as the breach of contract and common count claims are concerned, is limited to claims arising from Plaintiff's sale of the ozone equipment to Defendants.  Defendants maintain there is insufficient evidence that they agreed to pay more than what was initially tendered, and that therefore

1    Defendants are entitled to judgment as a matter of law as to both Plaintiff's breach of

2    contract and common count claims.  Defendants further claim that, with respect to the

3    fraud verdict against Satvinder Randhawa, there is no evidence to support any claim that

4    Randhawa made any promise to pay without intention to perform, either with respect to

5    sale of the ozone equipment or for services rendered in installing the equipment.

6          Turning first to the breach of contract and common count claims, Defendants

7    concede that the viability of both claims is based on identical considerations.  Defs.'

8    Mot., 5:2-6.  In essence, Defendants contend there was no evidence of any viable

9    agreement for payment for the ozone equipment beyond the initial payment of some

10   $23,093.00.  That argument simply cannot be sustained.  There were a series of

11   invoices entered into evidence at trial, along with testimony from Plaintiff's  principal,

12   Dennis Williams, that the $23,093.00 payment was intended to cover Defendants' cost of

13   the equipment so that the order could be processed and shipped to India by the

14   manufacturer.  There was also evidence that Defendants did not initially dispute the

15   validity of those invoices, and only later informed Plaintiff they did not intend to pay.

16   While Randhawa claims the invoices reflecting additional amounts were "fakes," the jury

17   weighed the conflicting claims and found in Defendants' favor.  Even Satvinder

18   Randhawa indicated at trial that the case boiled down to "one of us lying."  In finding for

19   Plaintiff, the jury obviously found Plaintiff's witnesses, Mr. Williams and his son-in-law,

20   Matt Alirol, more credible and gave credence to the invoices Williams and Alirol

21   represented as genuine.  Making that credibility determination in Plaintiff's favor cannot

22   in any way, shape or form equate with a "complete absence" of facts that would justify

23   this Court stepping in, post-judgment, and granting judgment as a matter of law in favor

24   of Defendants.

25         The same considerations also defeat Defendant Satvinder Randhawa's claim that

26   judgment as a matter of law should be entered as to the false promise claim decided by

27   the jury against him.  Defendants' fraud claims hinge on the contention that

28   1) Randhawa promised to pay plaintiff the additional sum of $56,053.00 for ozone

1   equipment without intent to perform; and 2) that Randhawa further promised to pay

2   Plaintiff the sum of $1,500.00 for each day Williams and Alirol spent in India installing the

3   aeration equipment at Lake Nainital, again without the requisite intent to follow through

4   on that commitment.  As Plaintiff points out, Satvinder Randhawa's allegation that

5   invoices supporting both claims were "fakes" aimed at tax avoidance belies any

6   contention that Randhawa ever intended to honor the invoices.  In approving damages

7   based on both invoices, the jury again found Plaintiff's version of events more credible

8   and, by accepting the invoices, and finding that Defendant Randhawa breached their

9   terms, identified evidence upon which the jury's fraud verdict rests.  As Dennis Williams

10  testified, he would "never in a million years" have gone to India and worked more than

11  20 days with Matt Alirol to install the aeration systems without expecting payment.

12  Moreover, the time budget prepared by Matt Alirol as an estimate of what it would take to

13  perform the installation would have been unnecessary had only a small lump-sum labor

14  payment been contemplated as Satvinder Randhawa urged the jury to believe.[4]

15          In sum, Defendants' Motion for Judgment as a Matter of Law fails because there

16  clearly was evidence from which the jury could find in Plaintiff's favor.  Given the fact that

17  resolution of this case largely hinged on credibility determinations that the jury resolved

18  in Plaintiff's favor, and because this Court cannot discount that determination, it is not left

19  with a "firm and definite conviction" that the jury got it wrong and that the jury's verdict

20  must accordingly be supplanted with a contrary finding.  This case is not appropriate for

21  JMOL, and Defendants' request to that effect is denied.

22  ///

23  ///

24          [4] The Court further notes that Defendants claim that Plaintiff has not proved legally cognizable
    damages with regard to the ozone equipment because, under California law, Plaintiff's claim should have
25  been limited to "out of pocket" damages that would preclude damages based on a "benefit of the bargain"
    theory that would permit the recovery of lost profits.  That argument is wrong.  First, while California Civil
26  Code § 3343, the statute relied upon by Defendants, does identify an "out of pocket" measure of damages,
    it specifically allows additional profits to be recovered "where the defrauded party has been induced by
27  reason of the fraud to sell or otherwise part with the property in question."  Cal. Civ. Code 3343(a)(3).  In
    addition, the availability of supplemental profit damages under § 3343 is also recognized in Alliance
28  Morrgage Co. v. Rothwell, 10 Cal. 4th 1226, 1241 n. 5 (Cal. 1995), the case cited by Defendants.

1

### B. Motion for New Trial/Remittitur

2      Defendants move for new trial or on "(1) damages of any sort that are based on

3  the sale of the ozone equipment, (2) fraud and (3) punitive damages." Defs.' Mot.,

4  9:17-18. In addition to arguing that the jury's findings on these issues were contrary to

5  the clear weight of the evidence and should consequently be vacated in their entirety,

6  Defendant Satvinder Randhawa also asks in the alternative for a remittitur, or reduction

7  of the $30,000.00 punitive damage award rendered against him to a figure consistent

8  with "the maximum amount sustainable by the proof." D & S Redi-Mix v. Sierra Redi-Mix

9  & Contracting Co., 692 F.2d 1245, 1249 (9th Cir. 1982) (applying that standard to

10 remittitur).

11     Since a motion for new trial allows the Court to consider the "weight" of the

12 evidence (under Rule 59(a)) rather than whether there is any evidence that exists to

13 support the verdict (for a JMOL in accordance with Rule 50(b)), the scope of a motion for

14 new trial is broader than a JMOL request. In addition, unlike a JMOL, the Court can

15 weigh the credibility of the witnesses in ruling on a new trial request. Air-Sea

16 Forwarders, Inc. v. Air Asia Co., Ltd., 880 F.2d at 190. In addition to being proper when

17 the jury's verdict is contrary to the "clear weight of the evidence," a new trial may also be

18 predicated on false evidence, or where the verdict would result in a miscarriage of

19 justice. Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d at 819.

20     Having considered the evidence and weighed the credibility of the parties, this

21 Court cannot find that the jury's verdict herein was contrary to the clear weight of the

22 evidence.  As stated above, the import of the documentary evidence largely hinged on

23 the respective believability of the parties. Like the jury, this Court did not find convincing

24 Defendants' claims that Plaintiff wanted no more than their cost for the ozone equipment

25 in selling it to Defendants, without any profit margin. Defendants' claim that they owed

26 no more than the initial payment needed to ship the equipment was even more

27 farfetched when combined with their concurrent claim that they owed nothing more than

28 a small initial payment ($3,000.00 plus airline tickets) to Plaintiff for an installation

1    process that involved both Dennis Williams and Matt Alirol traveling to India and

2    spending some 21 days to install the equipment.  Accepting that contention would be

3    tantamount to finding that Plaintiff not only intended to make no profit on selling the

4    equipment to Defendants, but also agreed to install that equipment essentially for free at

5    a remote location literally across the world.  That contention on the part of Defendants is

6    not credible, but incredible.  The Court found, in general, that both the demeanor and

7    substance of Defendants' testimony was less convincing than that offered by Dennis

8    Williams and Matt Alirol.  That factor, when combined with the invoices presented by

9    Defendants (which also hinge on who to believe) causes the Court to conclude that the

10   verdict in Plaintiff's favor, including the jury's finding that punitive damages were

11   warranted, is supported by the weight of the evidence.  Because there is also no

12   indication of any false evidence, or any showing that the verdict amounts to a

13   miscarriage of justice, Defendants' Motion for New Trial fails.

14          Finally, in arguing that the jury's punitive damages award in the amount of

15   $30,000.00 should be reduced through remittitur, Satvinder Randhawa argues that this

16   amount bears no relation to the relatively modest assets he identified at trial.  Again, the

17   Court is unpersuaded.  While Defendants argue that the value of their home when

18   combined with their incomes cannot justify even the relatively nominal $30,000.00

19   award, this entire lawsuit stems from what appears to have been a lucrative, and fairly

20   large scale, governmental contract to clean up Lake Nainital.  Defendants also testified

21   to also having been involved in other Indian governmental works projects thereafter.

22   Given those circumstances, as well as the reprehensibility of Satvinder Randhawa's

23   conduct in refusing to pay Plaintiff, this Court is unwilling to reject the punitive damages

24   award rendered by the jury herein.

25   ///

26   ///

27   ///

28   ///

**CONCLUSION**

For all the reasons set forth above, Defendants' Renewed Motion for Judgment as a Matter of Law, or in the Alternative for New Trial or Remittitur (ECF No. 216), is DENIED.

IT IS SO ORDERED.

Dated:  August 5, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT